## Clinton Electric L. H. & P. Co. v. Richard Snell.

1. CORPORATIONS—*An Electric Light Company in Absence of Statutory Provisions Can Regulate Its Own Business.*—In the absence of a statute regulating the manner in which electric light companies shall do business, such a company can fix its rates and establish its rules subject only to the common law and such regulations as may be imposed by the municipality which grants its franchise.

2. MANDAMUS—*Will Not Issue Against an Electric Light Company Where Discrimination Neither Unjust Nor Unreasonable.*—A writ of mandamus will not issue to compel an electric light company to connect a house with its plant and furnish light, its refusal being based upon the applicant's failure to furnish a transformer, when such a demand does not amount to extortion, nor was the discrimination unjust nor unreasonable.

Mandamus.—Appeal from the Circuit Court of De Witt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded with directions. Opinion filed June 10, 1901.

MOORE, WARNER & LEMON, attorneys for appellant.

EDWARD J. SWEENEY, attorney for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellant owns and operates an electric light plant in the city of Clinton, Illinois. Appellee is the owner of a large dwelling house, occupied by himself and family, situated on one of the principal streets of Clinton. Appellee having wired his house for electric lighting, called upon appellant to connect his house with its plant and furnish him light upon the same terms required from other citizens in the vicinity. Appellant refused unless appellee would furnish or pay for a transformer. A transformer is a coil of copper wire imbedded in a sheet iron box and usually placed on a pole outside the building to be lighted. Its object is to reduce the voltage of electricity as it passes from the main wire to the wire connecting the building. Without it there would be greater danger of fire. The

evidence shows that the cost of a transformer of the size necessary for appellee's house is twenty-five dollars. Appellee declined to furnish or pay for one and instituted this proceeding by mandamus in the Circuit Court to compel appellant to connect his house with its plant and furnish him with light. The cause was submitted to a jury to find the material facts, who, to that end, answered twenty-three special interrogatories propounded. The court then held upon propositions of law and rendered judgment awarding a peremptory writ of mandamus compelling appellant to furnish electricity for appellee's house without payment for a transformer.

In their printed brief and argument, counsel for appellant urge that some of the special findings of the jury are contradictory, that some are not material and that others are against the evidence. They also urge that the court erred in refusing, as law, certain propositions tendered. In the view we take of the facts and the law of the case, it is unnecessary to discuss in detail the special findings of the jury or the holdings of the court on propositions of law.

There is no statute of this State regulating the manner under which electric light companies shall do business. Such a company can fix its rates and establish its rules, subject only to the common law and such regulations as may be imposed by the municipality which grants its franchise. The common law rule against discrimination does not require a gas light company or an electric light company to treat all patrons alike. It may bestow favors upon one that it withholds from others, providing it deals justly and reasonably by the others. The discrimination which the law forbids and on account of which the court will be justified in interference by mandamus must be unjust or unreasonable. The object of the rule is to protect patrons from extortion by persons and corporations enjoying exclusive franchises and privileges.

The evidence shows that before the commencement of this suit, appellant had been in the business of wiring houses and furnishing electricity for lighting in Clinton for ten or twelve years. During that time it had wired 280 houses,

for which it received a profit. To such of its patrons, it furnished transformers free. Some fifteen or twenty other houses were wired by other parties. For some of the number transformers were furnished by appellant free, while others were charged for them.

It is clear from the proofs that appellant exacted the payment for a transformer from appellee because he had elected to wire his own house. It had the legal right to do so unless a transformer was unnecessary for appellee's house or its demands upon appellee amounted to extortion. The house is a very large one and there are so many lights to be supplied that the employment of an individual transformer is necessary. There was no discrimination, whatever, in furnishing to patrons who employed appellant to wire their houses for a profit, the use of a transformer free, and charging the cost of one to those who wired their own houses. The discrimination, if any, consisted in furnishing the appliance free to some and charging other of the last named patrons with the cost of it. As we look upon it, those who received the use of the transformers free were simply fortunate in having a favor granted to them, and there was no extortion in requiring others to pay.

It is fundamental that a peremptory writ of mandamus will be granted only where the petitioner shows a clear and undoubted right to it. We are of the opinion that the discrimination complained of was neither unjust nor unreasonable. The judgment will therefore be reversed and the cause remanded, with directions to the Circuit Court to deny the writ and dismiss the petition. Reversed and remanded.